IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY DONALDSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-1128-MJR-SCW ) |
| JACQUELINE LASHBROOK and MAJOR ALLEN, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This matter is before the Court for case management purposes. In reviewing Plaintiff's complaint and the Court's threshold order, it has come to the Court's attention that Count 3 is unrelated to Counts 1 and 2 and should be severed pursuant to *George v. Smith*, **507 F.3d 605 (7th Cir. 2007)**.

In *George*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, **507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g))**. Claims against different defendants that do not arise from a single transaction or occurrence (or a series of related transactions/occurrences) and do not share a common question of law or fact may not be joined in the same lawsuit. See **Fed.R.Civ.P. 20(a)(2).** Further, a prisoner who files a "buckshot

complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, **625 F.3d 1005, 1011 (7th Cir. 2010).** The Court has broad discretion as to whether to sever claims pursuant to Rule 21 or to dismiss improperly joined defendants. *See Owens v. Hinsely*, **635 F.3d 950, 952 (7th Cir. 2011);** *Rice v. Sunrise Express, Inc.*, **209 F.3d 1008, 1016 (7th Cir. 2000).**

In this case, Plaintiff's Counts 1 and 2 against Major Allen allege that Allen used excessive force against Plaintiff and then failed to provide him with medical care on July 18, 2015, for the injuries received as a result of that use of force. (Doc. 6, p. 3-5). Plaintiff alleges that on that date that he had a seizure and fell out of bed. Allen then came to Plaintiff's cell and told him to stand up, and Plaintiff failed to do so, leading Allen to punch Plaintiff in the face, knocking him unconscious (*Id.* at p. 3). Plaintiff's Count 3, however, is related to an incident on April 25, 2016, where Plaintiff again suffered a seizure but Lashbrook directed the medical staff to administer charcoal and pump Plaintiff's stomach in response to his injuries. While both claims involve Plaintiff suffering a seizure, the claims are not related to each other. Counts 1 and 2 relate to the excessive force used by Allen and then his deliberate indifference in treating Plaintiff's injuries *related to that use of force*. Count 3 deals with the deliberate indifference in treatment Lashbrook ordered in response to a seizure. The claims involve different defendants and do not share any common nucleus of facts or events, nor do they share

common questions of fact.  For these reasons, the Court shall sever Plaintiff's Count 3 against Lashbrook into a separate case.

Accordingly, it is **ORDERED** that Count 3 against Defendant Jacqueline Lashbrook shall be **SEVERED** into a new case, which shall be captioned: **ANTHONY DONALDSON, Plaintiff v. JACQUELINE LASHBROOK, Defendant**.  In the new case, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order
2) The Complaint (Doc. 1)
3) The Threshold Order (Doc. 6)
4) Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2)

In light of the fact that Plaintiff's Count 3 will be a new case, **Plaintiff will be responsible for an additional filing fee of $350.00 in the newly severed case**.  Count 3 has already been screened under 28 U.S.C. § 1915A.  The Court therefore **DIRECTS** the Clerk of Court to prepare for Defendant **LASHBROOK**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), the threshold order, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that the *only claims remaining in this action are COUNTS 1 and 2 against Defendant ALLEN.* This case shall now be captioned: **ANTHONY DONALDSON, Plaintiff v. MAJOR ALLEN, Defendant.**

**IT IS ORDERED** that Defendant **JACQUELINE LASHBROOK is DISMISSED** with prejudice from *this* action.

**IT IS SO ORDERED**.

DATED: August 28, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**